# HELEN E. AUER and Another v. BARBARA NOLAN.[1]

July 28, 1911.

Nos. 17,197—(247).

**Appeal and error.**

In an action to recover the price of a dress, where defendant had a verdict, the evidence was sufficient to sustain the verdict within the rule that a verdict, approved by the trial judge, will not be set aside, except in cases where it is clearly and palpably against the evidence. [Reporter.]

Action begun in justice court to recover $50 for labor and materials furnished in making a dress for defendant. The history of the action is given in the opinion. From a judgment of the municipal court of St. Paul, entered pursuant to a verdict in favor of defendant, after a trial before Finehout, J., and a jury, plaintiffs appealed. Affirmed.

*F. L. McGhee,* for appellants.

*M. J. Ryan,* for respondent.

[1] Reported in 132 N. W. 1134.

PER CURIAM.

This is an action brought in justice court to recover the agreed price of a dress made upon order by the plaintiffs for the defendant. The defense interposed was that the dress was not of first class workmanship and did not fit, as warranted, and that it never had been accepted. Pursuant to an affidavit of prejudice, venue was changed to another justice and the case was there tried. From a judgment there rendered in defendant's favor an appeal was taken by plaintiffs to the municipal court of St. Paul. Upon a jury trial in that court a verdict was rendered in favor of the defendant. After a motion by plaintiffs for a new trial had been denied, judgment was duly entered in accordance with such verdict. Plaintiffs appealed from this judgment.

The sole question discussed upon the appeal is the sufficiency of the evidence to sustain the verdict.

An examination of the record suggests very strongly that the defendant was unwilling to accept and pay for the dress, and therefore refused plaintiffs a reasonable opportunity to perfect it in workmanship and fit. But the evidence seems sufficient to sustain the verdict within the rule that a verdict will not be set aside by this court where it has been approved by the trial judge, except in cases where it is clearly and palpably against the evidence. In this case involving the style and fit of a lady's dress, we deem the principle especially applicable under which this court, to some extent, defers to the judgment of the jury and trial judge because of their better opportunity to pass on the facts.

Affirmed.